879 F.2d 863
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Catherine Tyree PARKER, Debtor,
SECOND NATIONAL BANK; Douglas C. Carter, Plaintiffs-Appellants,
Charles R. Jaeger, successor trustee, Trustee-Appellant,
v.
Catherine Ann Tyree PARKER, Defendant-Appellee.
 No. 88-2996.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 12, 1989.
Decided: July 10, 1989.
 
 David Charles Dickey, for appellants.
 Robert Allen Canfield, for appellee.
 Before WILKINSON and WILKINS, Circuit Judges, and CHARLES H. HADEN, II, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 On April 10, 1986, Catherine Tyree Parker filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code. Second National Bank, Douglas C. Carter, and Charles R. Jaeger, trustee, filed objections to the discharge, alleging that Parker concealed or destroyed relevant financial records, and made false statements in violation of 11 U.S.C. Secs. 727(a)(2), (3) & (4). On March 25, 1988, the bankruptcy court entered judgment in favor of the debtor finding plaintiffs' objections insufficient to deny the debtor a discharge. On November 23, 1988, the district court adopted the bankruptcy court's opinion as its own. We affirm.
 
 
 2
 The bankruptcy court carefully examined plaintiffs' allegations and found that they failed to establish a violation of the Bankruptcy Code. We agree. Plaintiffs alleged, for example, that the debtor attempted to defraud her creditors by excluding from her bankruptcy estate various household items including wastebaskets, curtains, coffee mugs, wooden salad bowls, lawn chairs, and a popcorn popper. Plaintiffs failed to show, however, the requisite "intent to hinder, delay, or defraud a creditor" necessary to establish a violation of 11 U.S.C. Sec. 727(a)(2). The bankruptcy court also rejected plaintiffs' contention that the debtor concealed or destroyed financial records in violation of 11 U.S.C. Sec. 727(a)(3). The debtor produced sufficient information to provide a complete and accurate record of her financial condition; she therefore satisfied the requirements of the Code. Finally, plaintiffs failed to satisfy their burden of proving that the debtor knowingly and fraudulently made false statements in connection with her bankruptcy petition. Moreover, the alleged false oaths and accounts concerned items which did not materially affect the debtor's bankruptcy case and therefore did not violate 11 U.S.C. Sec. 727(a)(4).
 
 
 3
 These findings are supported by substantial evidence in the record and are not clearly erroneous. We therefore affirm the debtor's discharge for the reasons stated in the bankruptcy court's opinion, see Second National Bank v. Parker, No. 86-0454-R (Bankr.E.D.Va. Mar. 25, 1988), as adopted by the district court. See In re Catherine Tyree, Nos. 88-0491-R & 88-0492-R (E.D.Va. Nov. 23, 1988).
 
 
 4
 AFFIRMED.